UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELLY LELEUX, on behalf of herself
and those similarly situated,

    Plaintiff(s),

vs.                                    Case No.: 6:17-CV-747-ORL-31-TBS

THE COVELLI FAMILY LIMITED
PARTNERSHIP, COVELLI FAMILY
LIMITED PARTNERSHIP II,
COVELLI FAMILY LIMITED
PARTNERSHIP III, d/b/a PANERA
BREAD,

    Defendants.         /

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KELLY LELEUX, on behalf of herself and those similarly situated ("Plaintiff"), and sues the Defendant, THE COVELLI FAMILY LIMITED PARTNERSHIP, COVELLI FAMILY LIMITED PARTNERSHIP II, and COVELLI FAMILY LIMITED PARTNERSHIP III, D/B/A PANERA BREAD, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime wage compensation.

### INTRODUCTION

1. This is an action by the Plaintiff against her former employer for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks overtime damages, liquidated damages, attorney's fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

2. Plaintiff also seeks an Order conditionally certifying this case as a collective action to include all similarly situated "Catering Coordinators" who did not receive proper overtime wages within the last three years.

## **JURISDICTION**

3. Defendant, Covelli Family Limited Partnership, is a Limited Liability Partnership formed and existing under the laws of the State of Florida, doing business in Florida and Ohio, and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

4. Defendant, Covelli Family Limited Partnership II, is a Limited Liability Partnership formed and existing under the laws of the State of Florida, doing business in Florida and Ohio, and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

5. Defendant, Covelli Family Limited Partnership III, is a Limited Liability Partnership formed and existing under the laws of the State of Florida, doing business in Florida and Ohio, and at all times during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

6. All three Defendants combine to form one single, joint enterprise ("Covelli") for purposes of operations of its restaurants doing business as Panera Bread.

7. All three Defendants jointly employ, control, hire, fire, pay, train, reprimand, set policies, and coordinate employees under the Covelli umbrella.

8. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq*. The Court has jurisdiction over the FLSA claim pursuant to 28 U.S.C. §1331 and the FLSA.

## **VENUE**

9. The venue of this Court over this controversy is proper based on the claim arising in Altamonte Springs, Florida (Seminole County).

## **COVERAGE**

10. At all material times relevant to this action (2014-2017), the Defendant, COVELLI, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and §203(s).

11. At all material times relevant to this action (2014-2017), the Defendants, COVELLI, made gross earnings of at least $500,000.00 annually.

12. At all material times relevant to this action (2014-2017), the Defendants, COVELLI, had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. computer and office equipment, office supplies and telephones, cash registers and other restaurant equipment, food and beverages, etc.)

13. At all material times relevant to this action (2014-2017), Defendants, COVELLI, had two or more employees who routinely ordered materials or supplies from out of state vendors.

14. At all material times relevant to this action (2014-2017), Defendants, COVELLI, had two or more employees who used the telephone and/or computers to place and accept business calls with out of state customers on a daily basis in the normal course of its business.

15. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

### Covelli's Business Operations

16. COVELLI is part of a U.S. chain featuring bakery products, sandwiches, and salads advertised as "Panera Bread."

17. Covelli is the largest franchisee of Panera Breads in the country.

18. Its portfolio also includes Dairy Queen and O'Charley's stores.

19. Covelli operates in at least in 2 states: Florida and Ohio.

20. Covelli has nearly 100 locations in Florida alone.

21. Covelli has over 1000 employees. *See* Covelli website at http://www.covelli.com/panera-bread-locations/#1452497213434-fca8da0d-c263.

### Problem #1

22. According to Covelli, it adheres to a core philosophy: treat employees and customers with respect and dignity; however, that is not always the case.

23. Covelli employs employees commonly referred to as "Catering Coordinators."

24. Covelli's Catering Coordinators work in Florida and Ohio.

25. Plaintiff was employed by Defendants as "Catering Coordinator" at various (6) store locations throughout Seminole County and the surrounding area.

26. Catering Coordinators perform catering services on behalf of Covelli, including but not limited to: taking orders, coordinating details with customers, preparing food, delivering food, and are in charge of ensuring that customers' catering orders are delivered accurately and on time.

27. Catering Coordinators work in-house and in other locations.

28. Catering Coordinators are hourly paid employees.

29. Catering Coordinators also receive(d) bonuses based on store production.

30. Catering Coordinators also receive(d) delivery fees, plus tips.

31. Catering Coordinators typically work more than forty (40) hours per week.

32. Plaintiff typically worked fifty (50) to fifty-five (55) hours per week.

33. Catering Coordinators are eligible for overtime pay.

34. In fact, Plaintiff received overtime pay.

35. However, Covelli failed to include Plaintiff's bonus pay, delivery fees and tips within her regular rate of pay when calculating/compensating her overtime compensation.

36. As a result, Covelli failed to pay proper overtime pay in violation of 29 U.S.C. 207(e).

**Problem #2**

37. Catering Coordinators receive many calls, emails, and text messages either prior to or after their shifts end.

38. Additionally, Catering Coordinators, including Plaintiff, would be contacted by Covelli employees, including management, or customers while "off the clock" about specific orders. Plaintiff would then have to communicate with the baking staff to provide them with further details.

39. These messages come from both Covelli employees and managers and also customers who have changes or questions regarding their orders.

40. Catering Coordinators are not compensated for these out of office communications.

41. As a result, Catering Coordinators were not paid overtime for *all* hours worked over forty within a workweek.

42. Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

43. Defendants employed other individuals who performed the same or similar job duties under the same pay provisions as Plaintiff.

44. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to them, are in the possession, custody, or control of Defendants.

## COLLECTIVE ACTION ALLEGATIONS

45. Plaintiff and the other Catering Coordinators ("the class members") performed the same or similar job duties as one another in that they provided catering support for Defendants.

46. Plaintiff and the class members work similar hours in that they typically work more than forty (40) hours per week.

47. Plaintiff and the class members were eligible for overtime pay.

48. Covelli did not include bonus pay in the regular rate of pay when calculating/compensating overtime pay for Plaintiff and the class members.

49. Covelli did not include delivery fees and tips in the regular rate of pay when calculating/compensating overtime pay for Plaintiff and the class members.

50. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not paid overtime compensation for all hours worked over forty (40) hours in a work week, during one or more weeks.

51. Thus, the class members are owed overtime wages for the same reason as the Plaintiff.

52. Defendants' policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages to Plaintiffs applies to all class members.

53. Defendants knowingly, willingly, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime wages with respect to Plaintiff and the class members.

54. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

55. Defendants were aware of the time and record keeping requirements of the Fair Labor Standards Act, but willfully or recklessly failed to keep accurate pay and time records as required.

56. In addition, Defendants have been sued over a dozen times for similar and the same violations nearly a dozen times, yet refused to change its practices or pay back overtime pay.

57. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COUNT ONE - RECOVERY OF OVERTIME COMPENSATION

58. Plaintiff reasserts and incorporates by reference all allegations contained within previous paragraphs 1 through 57.

59. During her employment with Defendants, Plaintiff worked more than forty (40) hours in one or more workweeks while employed by Defendants.

60. Defendants failed to properly compensate Plaintiff for overtime hours that they worked, in violation of the FLSA.

61. Defendants acted willfully, intentionally, and/or recklessly in failing to pay Plaintiff at least time half their regular hourly rate of pay for each hour worked over forty (40) hours in one or more workweeks while employed by Defendants, in violation of the FLSA.

62. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## **DAMAGES AND RELIEF SOUGHT FOR MEMBERS OF THE CLASS**

63. This action is brought by Plaintiffs, for themselves and on behalf of all others similarly situated, under the provisions of the FLSA for: (i) monetary damages to be paid by the Defendant associated with the above claims; (ii) liquidated damages; and (iii) relief incident and subordinate thereto, including the costs and expenses of this action and an award of attorneys' fees and reimbursement of expenses to Plaintiff's counsel.

## **DEMAND FOR JURY TRIAL**

64. Plaintiff also demands a trial by jury.

WHEREFORE, Plaintiff demands an Order awarding:

a. Payment of Plaintiff, and all class members, overtime wages at the correct rate of time and a half of Plaintiff's regular rate pursuant to the FLSA;

b. An equal amount of liquidated damages, or in the alternative, pre-judgment and post-judgment interest at the highest rate allowed by law;

c. Pre-judgment and Post-judgment interest where applicable;

d. Reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case; and

e. All other relief that the Court deems just and proper.

Dated this 26th day of April, 2017.

Respectfully submitted by,

_____
Carlos V. Leach, Esq.
FBN 0540021
MORGAN & MORGAN, P.A.
20 North Orange Avenue
Wells Fargo Building, 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
(407) 849-2319 Direct
(407) 245-3341 Fax
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff(s)*

# IN RE: PANERA BREAD/COVELLI ENTERPRISES OVERTIME LAWSUIT

## NOTICE OF CONSENT TO JOIN

Pursuant to 29 U.S.C. § 216(b), I **KELLY LELEUX**, consent to become a party plaintiff in this action.

By: _____  Date: 4/20/17
Signature

Kelly Leleux
Printed Name

Address:  c/o:  Morgan and Morgan, P.A.
              191 Peachtree Street, Suite 4200
              Post Office Box 57007
              Atlanta, Georgia 30343-1007