## **EXHIBIT A**

## RELEASE AND SETTLEMENT AGREEMENT

This RELEASE AND SETTLEMENT AGREEMENT (the "Agreement") is made and entered into by and between KELLY LELEUX, an individual, on behalf of herself, her spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("LELEUX") and THE COVELLI FAMILY LIMITED PARTNERSHIP, COVELLI FAMILY LIMITED PARTNERSHIP II, and COVELLI FAMILY LIMITED PARTNERSHIP III ("COVELLI").

WHEREAS, a dispute exists between LELEUX and COVELLI arising out of or generally relating to LELEUX's employment with COVELLI, which resulted in the filing by LELEUX of a lawsuit titled Kelly Leleux v. The Covelli Family Limited Partnership, et al., Case No. 17-CV-747 in the United States District Court for the Middle District of Florida, Orlando Division (the "Lawsuit");

WHEREAS, COVELLI denies all of LELEUX's allegations and claims;

WHEREAS, there exists a bona fide dispute between the Parties regarding whether LELEUX is entitled to receive the damages she claims in the Lawsuit;

WHEREAS, LELEUX and COVELLI wish to avoid further litigation and the associated legal costs and expenses;

WHEREAS, LELEUX and COVELLI agreed to settle this putative collective action on an individual basis after determining that collective treatment would be inappropriate due, in part, to the unique circumstances of Plaintiff's employment; and

WHEREAS, LELEUX and COVELLI desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing by COVELLI, to effect a full, complete, final, and binding settlement and compromise of all wage and hour claims that LELEUX may have against COVELLI from the beginning of time through the date of entry of this Agreement, with prejudice.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, LELEUX and COVELLI agree as follows:

**1.     Dismissal Of The Lawsuit.**  LELEUX agrees to immediately dismiss the Lawsuit with prejudice by consenting to COVELLI's filing of a JOINT MOTION FOR SETTLEMENT APPROVAL, along with a proposed Order, with the United States District Court for the Middle District of Florida, Orlando Division.

**2.     Specific Waiver And Release Of Wage and Hour Claims.**  In exchange for the consideration described in Paragraph 8, LELEUX irrevocably and unconditionally waives, releases, and forever discharges COVELLI and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and

trustees (collectively the "RELEASED PARTIES"), from any and all wage and hour claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities asserted in or that could have been asserted against any of the RELEASED PARTIES in the Lawsuit based on the payment or alleged nonpayment of wages including any claims arising under federal or state wage and hour laws such as the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., the Florida Equal Pay Law, as amended, Fla. Stat. Ann. § 725.07, the Wage Payment Laws, Fla. Stat. Ann. §§ 222.15, 532.01 et seq., and the Florida Minimum Wage Act, Fla. Stat. Ann. § 448.110.

3. **Covenant Not To Sue.** LELEUX also agrees not to sue any or all of the RELEASED PARTIES in any forum for any claim covered by the waivers and releases in Paragraph 2, except that LELEUX may bring a claim to enforce this Agreement. LELEUX also agrees not to participate in any class or collective action against any or all of the RELEASED PARTIES for any claim covered by the waivers and releases in Paragraph 2. LELEUX represents and warrants that, neither LELEUX, nor anyone acting on LELEUX's behalf, has filed any claim, administrative charge, lawsuit, or arbitration against any of the RELEASED PARTIES with respect to any of the claims released in Paragraph 2. If LELEUX violates this Agreement by suing the RELEASED PARTIES, other than to enforce this Agreement, LELEUX shall be liable to such RELEASED PARTIES as are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit.

4. **Non-Admission Of Liability.** LELEUX agrees that COVELLI does not admit any allegations made against it in the Lawsuit. LELEUX also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability of any violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

5. **Mutual Non-disparagement and Neutral Reference.** LELEUX agrees that she will not make any statements, either oral or written, that disparage any or all of the RELEASED PARTIES. In exchange for LELEUX's agreement to refrain from disparaging the RELEASED PARTIES, COVELLI agrees that in the event it receives a properly directed request concerning LELEUX's employment, COVELLI will verify only LELEUX's dates of employment and last position held, unless required by law to provide any additional information. LELEUX agrees to direct anyone seeking to verify her employment with COVELLI to contact the Director of Human Resources for response. In addition, COVELLI agrees that it will instruct Dani Degrood, Director of Catering for the Orlando Market, Kari Ramsdale, Director of Human Resources, and Kathy Salzman, General Manager, not to make any statements, either oral or written, that disparage LELEUX.

6. **Other Agreements By LELEUX.** LELEUX also agrees that:

 (a) she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance, and has not been coerced, threatened, or intimidated into signing this Agreement;

(b) she has been advised to consult with, and has in fact consulted with, her lawyers prior to signing this Agreement;

(c) she is not otherwise entitled to the consideration described in Paragraph 8 other than as expressly provided herein;

(d) she has not suffered any on-the-job injury for which she has not already filed a workers' compensation claim;

(e) other than as alleged in the Lawsuit, she agrees that she has been properly paid by COVELLI for all hours worked in compliance with state and federal law; and

(f) she is not currently aware of any other claims or potential claims she has against COVELLI.

7. **Agreement Not To Publicize.** The Parties acknowledge that the Court requires the Parties to seek approval of the Agreement. Furthermore, the Parties are mindful of the fact that the presiding judge's prior decisions urge against seeking settlement approval through confidential means, such as *in camera* review. Recognizing these realities, the Parties do not include a confidentiality provision in the Agreement. That said, LELEUX and her counsel have assured COVELLI that, outside of the Parties' joint motion referenced in Paragraph 1 of the Agreement, they do not intend to publicize, announce, or otherwise post information about the Agreement to the public, whether in writing, orally, or electronically (including, for example, through social media or on a website). Nothing in this Agreement prohibits or restricts LELEUX or her counsel from initiating communications directly with, or responding to any inquiry from, or providing testimony before, the Securities and Exchange Commission (SEC), the Financial Industry Regulatory Authority (FINRA), the National Labor Relations Board (NLRB), the Equal Employment Opportunity Commission (EEOC), or any self-regulatory organization or governmental authority charged with the enforcement of any laws.

8. **Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by LELEUX in this Agreement, COVELLI agrees to pay the following sums within ten (10) business days after LELEUX and COVELLI sign this Agreement, LELEUX and LELEUX's counsel, THE LEACH FIRM, PA, complete, execute and submit Form W-9s to COVELLI, and the Court approves the Agreement and dismisses the Lawsuit with prejudice, as follows:

(a) The sum of Twenty-Nine Thousand Five Hundred Dollars and No Cents as payment for LELEUX's alleged front wages, back wages, and compensatory damages, made payable to LELEUX. Applicable statutory deductions, including federal income taxes and Social Security taxes, shall be withheld by COVELLI from this sum. COVELLI shall issue a Form W-2 to LELEUX in connection with this payment;

(b) The sum of Twenty-Nine Thousand Five Hundred Dollars and No Cents as payment for LELEUX's alleged liquidated damages and/or interest on the back or front wages, made payable to LELEUX. LELEUX agrees to

  indemnify and hold COVELLI harmless for any tax liability, penalty, interest, cost, or expense incurred by it as a result of the fact that it did not deduct federal income taxes, Social Security taxes, or other withholdings from this sum, or otherwise treat the entire sum as taxable wages to LELEUX. COVELLI shall issue a Form 1099 to LELEUX in connection with this payment; and

 (c) The sum of Sixteen Thousand Dollars and No Cents as payment for LELEUX's attorneys' fees and expenses, made payable to THE LEACH FIRM, PA. COVELLI will issue Form 1099s to LELEUX and THE LEACH FIRM, PA in connection with this payment.

Should any taxing authority assert that, as a result of the payment referenced in subparagraphs 8(b) and 8(c), LELEUX is liable for the payment of federal state, and/or local taxes, interest, or penalties, attorneys' and accountant's fees incurred, LELEUX shall indemnify and hold COVELLI harmless for such sums and the reasonable attorneys' and accountants' fees incurred by COVELLI in connection therewith. LELEUX also acknowledges that she has not been given and has not relied on any tax advice from COVELLI or COVELLI's counsel.

 **9. Governing Law.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without reference to principles of conflict of laws.

 **10. Counterparts.** This Agreement may be executed in two counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. Copies of signatures sent via e-mail or facsimile shall be considered the equivalent of an original signature.

 **11. Entire Agreement.** This Agreement sets forth the entire agreement between LELEUX and COVELLI regarding the parties' settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements. No amendment or modification of the terms of this Agreement shall be binding on the parties unless reduced to writing and signed by LELEUX and COVELLI.

 **12. Severability.** LELEUX and COVELLI agree that if any phrase, clause, or provision of this Agreement other than the waivers, releases, and covenants not to sue, is declared to be illegal, invalid, or unenforceable by a court of competent jurisdiction, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2-3 is deemed to be illegal, invalid, or unenforceable in whole or in part, COVELLI's obligations under this Agreement shall be nullified.

- 5 -

Dated: October 17, 2017      _____
                             KELLY LELEUX

Dated: October 17, 2017      THE COVELLI FAMILY LIMITED
                             PARTNERSHIP
                             By: _____
                             Its (Title): Director of Corporate Affairs

Dated: October 17, 2017      COVELLI FAMILY LIMITED
                             PARTNERSHIP II
                             By: _____
                             Its (Title): Director of Corporate Affairs

Dated: October 17, 2017      COVELLI FAMILY LIMITED
                             PARTNERSHIP III
                             By: _____
                             Its (Title): Director of Corporate Affairs