UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KELLY LELEUX, on behalf of herself and those similarly situated,**

    **Plaintiff(s),**

vs.

**THE COVELLI FAMILY LIMITED PARTNERSHIP, COVELLI FAMILY LIMITED PARTNERSHIP II, and COVELLI FAMILY LIMITED PARTNERSHIP III d/b/a PANERA BREAD,**

    <u>**Defendants.**</u>    /

CASE NO.:  6:17-cv-00747-RBD-TBS

**<u>JOINT AMENEDED[1] MOTION FOR APPROVAL OF FLSA SETTLEMENT</u>**

Pursuant to the Court's Order Adopting Report and Recommendations (Doc. 32), Plaintiff and Defendants (collectively, the "Parties") jointly request that this Court approve the Parties' settlement of the above-captioned matter.  *See* Doc. 32.  A copy of the Parties' settlement agreement is attached as **Exhibit A**.  In support of this joint motion, the Parties respectfully state as follows:

    **I.**    **<u>Legal Principles</u>**

Pursuant to the Court's October 3, 2017 Order (*see* Doc. 29), the Parties are required to file a motion for approval of their settlement agreement in this case, which involves claims under the Fair Labor Standards Act ("FLSA").   The Parties filed their

---

[1] The Parties file their Amended Motion for Approval of Settlement pursuant to the Court's Order (Doc. 32) Adopting Report and Recommendation (Doc. 31) denying the Motion for Approval of Settlement (Doc. 30).  The Parties have removed the terms of the agreement that the Court deemed "problematic".

1

initial motion on October 17, 2017.  *See* Doc. 30.  However, the Court entered a Report and Recommendation denying the motion citing several clauses in the settlement agreement that it deemed to be "problematic."  *See* Doc. 31.  The Parties have removed the clauses and resubmit this motion for approval.

In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Here, the Parties' settlement of Plaintiff's FLSA claims is one that this Court can and should approve. The settlement arises out of an action brought by Plaintiff against a former employer that was adversarial in nature. Furthermore, throughout the litigation, through and including settlement negotiations and the filing of the instant motion, Plaintiff was represented by experienced counsel.

## II.     Facts

This case involves Plaintiff's tenure as a Catering Coordinator, which spanned from late 2006 until early 2017. *See* Doc. 1. As a Catering Coordinator, Plaintiff was eligible for

and, in fact, received overtime pay. In this lawsuit, Plaintiff alleges Defendants nevertheless violated the overtime provisions of the Fair Labor Standards Act ("FLSA") for two reasons. *Id*.  First, Plaintiff alleged that Defendants did not include delivery fees, tips, and bonuses in her "regular rate" of pay, in alleged violation of 29 U.S.C. § 207(e). *See* Pl.'s Compl. at Doc. 15 at Doc. 15. Second, Plaintiff claimed that she was not compensated for alleged time that she spent engaged in after-hours communications with customers and managers. *Id.*

Defendants have steadfastly disputed Plaintiff's claims and allegations. Defendants maintain that the relevant pay policies and practices, including with respect to their application to Plaintiff, comply with the FLSA. *See* Defs.' Ans. and Aff. Defs. at Doc. 15. Among its denials and defenses, Defendants (i) deny that Plaintiff's "regular rate" of pay was calculated unlawfully, and (ii) maintain that Plaintiff was paid for all hours worked, including overtime, in accordance with all applicable wage and hour laws, including the FLSA. Furthermore, Defendants deny Plaintiff's claim that each of them jointly acted as her "employer" within the meaning of the FLSA and its relevant jurisprudence.

The Parties exchanged relevant documents and information pursuant to the FLSA Scheduling Order. Following review of such documents and information, their continued investigation into the claims and defenses of the case, and their continued informal discussions, the Parties attended a settlement conference. The Parties reached an impasse after several hours of discussion, but soon after agreed to attend mediation with John Finnigan, an experienced, Board-certified employment attorney. After a full day of mediation, the Parties reached a settlement.

In resolving this litigation, the Parties recognize that the case involves hotly disputed claims and defenses and presents the potential for protracted discovery concerning numerous fact and legal questions, many of which are either individualized in nature or related to practices or policies that have been modified or discontinued. At bottom, the Parties recognize that continued litigation presents risk to each side.

## II.     Core Terms of Settlement

In exchange for Plaintiff's release of all wage and hour law claims, Defendants have agreed to pay Plaintiff as follows:

**A.     Plaintiff.** Plaintiff will receive a total amount of $59,000.00. Plaintiff initially estimated her actual damages to be approximately $84,602.17 ($169,204.34 including liquidated damages). *See* Doc. 23 (Answers to Court Interrogatories). However, after reviewing Defendants' records in detail and gaining a better understanding thereof, including amounts already paid to Plaintiff for after-hours work, Plaintiff estimates that her maximum recovery, if she prevailed in the entirety at trial, would be approximately $55,000 ($110,000 including liquidated damages). Notably, due in part to changes in Defendants' policies and practices over the years, this figure includes a significant portion of damages that fall within a third year of the possible statute of limitations, which Plaintiff recognizes is a higher burden of proof. Thus, under the unique circumstances of this individual case, the Parties agree that the settlement represents a reasonable compromise.

**B.     Attorneys' Fees and Costs.** Plaintiff's counsel will receive $16,000.00 for attorneys' fees and costs (including approximately $2,000 in costs). This case involved extensive communications between the Parties' attorneys in order to voluntarily locate and

4

exchange relevant documents to isolate the timeframe relevant to Plaintiff's claim. This voluntary exchange enabled the Parties to relatively quickly resolve the matter, without need for motion practice or extensive litigation. The Parties agree that $16,00.000 is reasonable amount for attorney's fees and costs in this case. Attorney's fees and costs were negotiated separate and apart from Plaintiff's recovery.

### III. Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement between the Parties, and dismiss the action with prejudice.

Respectfully submitted this 6th day of November, 2017.

| | |
|---|---|
| s/ Carlos v. Leach | s/ Kevin M. Young |
| Carlos V. Leach, Esquire | Kevin M. Young |
| Florida Bar No.: 0540021 | Florida Bar No.: 114151 |
| THE LEACH FIRM, PA | Alexandre S. Drummond |
| 1950 Lee Rd., Suite 213 | Florida Bar No.: 0038307 |
| Winter Park, Florida 32789 | SEYFARTH SHAW, LLP |
| Telephone: (321) 445-9410 | 1075 Peachtree Street, N.E., Suite 2500 |
| Email: CLeach@theleachfirm.com | Atlanta, Georgia 30309-3958 |
| | Telephone: (404) 885-1500 telephone |
| *Attorney for Plaintiff* | Facsimile: (404) 892-7056 facsimile |
| | Email: ADrummond@seyfarth.com |
| | Email: KYoung@seyfarth.com |
| | |
| | *Attorneys for Defendants* |