UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KELLY LELEUX,

    Plaintiff,

v.                                          Case No. 6:17-cv-747-Orl-37TBS

THE COVELLI FAMILY LIMITED
PARTNERSHIP; COVELLI FAMILY
LIMITED PARTNERSHIP II; and
COVELLI FAMILY LIMITED
PARTNERSHIP III,

    Defendants.
_____

## ORDER

Plaintiff initiated this putative collective action against Defendants alleging that they failed to pay her overtime and minimum wages in violation of the Fair Labor Standards Act ("**FLSA**"). (Doc. 1.) Before the Court is the parties' Joint Amended Motion for Approval of FLSA Settlement, filed pursuant to *Lynn's Food Stores, Inc. v. United States ex rel. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982) (*see* Doc. 33 ("**Motion**"); Doc. 33-1 ("**Agreement**")). On referral, U.S. Magistrate Judge Thomas B. Smith issued a Report recommending that the Court grant the Motion and approve the Agreement. (Doc. 34 ("**R&R**").) The parties then jointly filed a notice of no objection. (Doc. 35.)

In his R&R, Magistrate Judge Smith concludes that the Agreement is fair and reasonable because: (1) the payment amounts are fair; (2) the attorney's fee award is

-1-

reasonable; and (3) the parties narrowed the previously defective release provision. (Doc. 34, pp. 3–4.) However, Magistrate Judge Smith takes issue with two sub-parts of the provision "Other Agreements by LeLeux" where Plaintiff agrees that: (1) "she has not suffered any on-the-job injury for which has not already filed a workers' compensation claim,"; and (2) "she is not currently aware of any other claims or potential claims she has against COVELLI." (*See id.* at 4 (citing Doc. 33-1, ¶¶ 4 (d), (f)).) "To the extent [these sub-parts are] intended to be a back-door estoppel as to non-FLSA issues," Magistrate Judge Smith finds them unenforceable. (Doc. 33, p. 4.) He therefore recommends that that the Court employ the Agreement's severability clause to remove these sub-parts. (*Id.*)

Absent objections, the Court has reviewed the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 34) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. The parties' Joint Amended Motion for Approval of FLSA Settlement (Doc. 33) is **GRANTED**.

3. The parties' Release and Settlement Agreement (Doc. 33-1) is **APPROVED**, subject to the severance of Paragraph 4 "Other Agreements by Leleux" sub-parts (d) and (f).

4. This case is **DISMISSED WITH PREJUDICE.**

-3-

5. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 16, 2017.

/s/ Roy B. Dalton Jr.
ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record